# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00355-MR-WCM

| | | |
|---|---|---|
| PAKUJA CRYSTAL VANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED HEARTLAND & CV | ) | |
| INDUSTRIES INC., LAUREN | ) | |
| MALICH, MELISSA MITCHELL, | ) | |
| and SCOTT COE | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's letter dated February 3, 2022 [Doc. 6], which the Court construes as a Motion for Reconsideration and Motion to Appoint Counsel.

On December 14, 2021, the Plaintiff, Pakuja Crystal Vang ("Plaintiff"), initiated this action asserting that the Defendants denied the Plaintiff's workers' compensation claim in bad faith after the Plaintiff was injured at work. [Doc. 1 at 3]. On January 19, 2022, this Court entered an Order dismissing the Plaintiff's action without prejudice for lack of subject matter jurisdiction. [Doc. 4]. On February 4, 2022, the Plaintiff filed a Motion for

Reconsideration of the Court's January 19, 2022 Order and a Motion to Appoint Counsel. [Doc. 6].

The Court may grant a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure only in the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). The Plaintiff has failed to establish that any of these circumstances are present here. As the Court previously explained, [Doc. 4 at 2], the Court lacks subject matter jurisdiction over the Plaintiff's claim because the North Carolina Industrial Commission has exclusive jurisdiction over claims for work-related injuries and claims that are ancillary to those injuries, see, e.g., Womble v. Eaton Aeroquip, Inc., No. 3:15-CV-00002-RJC-DSC, 2017 WL 1190926, at *2 (W.D.N.C. Mar. 29, 2017); Sturdivant v. Dover Elevators, No. 3:00-CV-164-H, 2000 WL 1811610, at *1 (W.D.N.C. Aug. 1, 2000). Accordingly, the Plaintiff's Motion for Reconsideration must be denied. Because this action has previously been dismissed and the Court now

2

Case 1:21-cv-00355-MR-WCM   Document 7   Filed 02/25/22   Page 2 of 3

denies the Plaintiff's motion to reconsider that dismissal, the Plaintiff's Motion to Appoint Counsel is denied as moot.[1]

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Reconsideration [Doc. 6] is **DENIED** and the Plaintiff's Motion to Appoint Counsel [Doc. 6] is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed: February 25, 2022

Martin Reidinger
Chief United States District Judge

---

[1] Even if the Plaintiff's Motion to Appoint Counsel was not moot, it would be denied because the Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (requiring a plaintiff to present "exceptional circumstances" for the court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel).